**NATIONAL UNION FIRE INSURANCE COMPANY, and Mid–States Aircraft Engines, Inc., Plaintiffs–Appellees,**

v.

**A.A.R. WESTERN SKYWAYS, INC., Defendant–Appellant.**

No. 92–5189.

United States Court of Appeals, Tenth Circuit.

May 3, 1993.

Burton J. Johnson and Richard B. O'Connor of Looney, Nichols, Johnson & Hayes, Oklahoma City, OK, for defendant-appellant.

Edward A. McConwell and Laura L. McConwell, Law of Offices of Edward A. McConwell, Overland Park, KS, for plaintiffs-appellees.

Before SEYMOUR and ANDERSON, Circuit Judges, and RUSSELL,* District Judge.

PER CURIAM.

Defendant A.A.R. Western Skyways, Inc., appeals from the district court's order awarding judgment to plaintiffs National Union Fire Insurance Co. and Mid–States Aircraft Engines, Inc., on their claim under the Oklahoma statute providing for contribution among joint tortfeasors, Okla.Stat. tit. 12, § 832. We have jurisdiction under 28 U.S.C. § 1291. We conclude that the district court misapplied the contribution statute, and we reverse.[1]

This action stems from an airplane crash in 1983 near Cleveland, Ohio, in which six people were killed. Representatives of the decedents brought wrongful death actions in Florida against various parties including Mid–States[2] but not including A.A.R. Mid–States and A.A.R. both operate aircraft maintenance facilities that had worked on the plane before it crashed. Other relevant defendants in the Florida cases were Campbell Ray Clark, III, the pilot; Cav–Air, another aircraft maintenance facility; Gulf–Stream, the manufacturer of the plane; Teledyne Continental, the manufacturer of the plane's engine; and Wang, whose role was not identified in the record.

All six cases settled before trial. In three of the cases Mid–States negotiated settlement agreements that granted general re-

---

* Honorable David L. Russell, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

2. National Union is Mid–States' liability insurer and is a plaintiff in this case because it paid Mid–States' share of the settlements. For simplicity and because Mid–States is the tortfeasor, we will omit further reference to National Union.

leases to all persons and specifically included both·Mid–States and A.A.R.[3] The settlement amounts in these three cases were as follows:

| | |
|---|---|
| Mid–States | $ 503,666.67 |
| Clark | 1,000,000.00 |
| Wang | 250,000.00 |
| Cav–Air | 625,000.00 |
| Teledyne and Gulf–Stream | 125,000.00 |
| Total | $2,503,666.67 |

Appellant's Br. at 9, 14.

Mid–States then filed this action against A.A.R. and Teledyne pursuant to Oklahoma's contribution among tortfeasors act, Okla. Stat. tit. 12, § 832. Teledyne was dismissed from the case for reasons not identified in the record, and the case proceeded to trial against A.A.R. At the close of trial, the jury was given special interrogatories which asked whether the amount of Mid–States' $503,666.67 settlement was reasonable and whether Mid–States "paid more than its pro-rata[4] share." Appellant's Br., Exh. B. If the answers to these questions were yes, the jury was requested to identify the percentages of negligence of Mid–States, A.A.R., Clark, Cav–Air, Gulf–Stream, and Teledyne. (The record does not indicate why Wang was omitted from this group even though it contributed to the settlements at issue.) The jury found that Mid–States' settlement amount was reasonable and that Mid–States paid more than its pro rata share. It then assigned the following percentages of negligence:

| | |
|---|---|
| Mid–States | 30 |
| A.A.R. | 60 |
| Clark | 2 |
| Cav–Air | 8 |
| Gulf–Stream | 0 |
| Teledyne | 0 |

*Id.* Based on the jury's findings, the district court granted judgment in favor of Mid–States and ordered A.A.R. to pay 60% of the

3. The settlement agreements in the other three cases did not release A.A.R. Under Okla.Stat. tit. 12, § 832.D, a tortfeasor cannot seek contribution for a settlement where that settlement did not extinguish the liability of the joint tortfeasor. Mid–States is not seeking contribution from A.A.R. for the settlements in these three other cases.

4. The district court had earlier certified four questions to the Oklahoma Supreme Court, one of which was "whether the rule of proportionate

$503,666.67 settlement amount plus interest to Mid–States. After consideration of Mid–States' motion to alter or amend judgment, the court revised its judgment to increase A.A.R.'s share to two-thirds or 66.67% of the settlement amount plus interest.

On appeal, A.A.R. contends that the district court misconstrued § 832.B. That section states that

[t]he right of contribution exists only in favor of a tort-feasor who has paid more than his pro rata share of the common liability, and his total recovery is limited to the amount paid by him in excess of his pro rata share. No tort-feasor is compelled to make contribution beyond his own pro rata share of the entire liability.

A.A.R. contends that the jury's finding that Mid–States paid more than its pro rata share is inconsistent with its later and more specific finding that Mid–States was 30% negligent. A.A.R. argues that because Mid–States paid only 20.12% of the total settlement amount, it did not pay more than its pro rata share of the common liability, and therefore § 832.B prevents it from claiming contribution from A.A.R. Alternatively, A.A.R. contends that even if Mid–States' contribution claim is upheld, the district court erred by changing its order and increasing A.A.R.'s liability to 66.67% when the jury found A.A.R. only 60% negligent. A.A.R. argues that this is improper under the last sentence of § 832.B because it compels A.A.R. to pay more than its pro rata share of the entire liability.

■ Unfortunately, the district court did not explain the basis for either of its orders granting judgment to Mid–States. We thus do not have the benefit of its interpretation of § 832 or an explanation of why it ruled as it did. Moreover, the Oklahoma courts have

and several liability applies in a contribution action under the Oklahoma Contribution Statute at 12 O.S.1981, § 832." *National Union Fire Ins. Co. v. A.A.R. W. Skyways, Inc.*, 784 P.2d 52, 53 (Okla.1989). The Oklahoma Supreme Court answered that the equitable interpretation was the "equation of liability with fault" and that "a tortfeasor's pro rata share will be interpreted to mean.proportionate, as based on one's degree of fault." *Id.* at 57.

not had opportunity to interpret § 832.B. However, we conclude that the district court misconstrued and misapplied the statute.

Section 832.B is derived from the Uniform Contribution Among Tortfeasors Act (1955 Revised Act) § 1, 12 U.L.A. 63 (1975). "The purpose of the Uniform Act is to provide proportionate allocation of the burden among multiple tortfeasors." *Jones v. Wilson Indus., Inc. (In re Jones)*, 804 F.2d 1133, 1140 (10th Cir.1986). Section 832.B allows a right of contribution only to a tortfeasor who has paid more that its pro rata share of the common liability, i.e., more than its share of the common liability based on its relative degree of fault. *See National Union*, 784 P.2d at 57.

■ The term "common liability" is not defined in § 832 (nor is the related term "entire liability" which is also contained in § 832.B). A.A.R. contends that common liability includes the liability of all tortfeasors who were liable to the tort victims. In this situation, the common liability would be the total settlement amount of $2,503,666.67 paid by the six settling tortfeasors. Mid–States argues that only its and A.A.R.'s liability should be considered part of the common liability, and that here that amount includes only the $503,666.67 settlement by Mid–States. The district court apparently agreed with Mid–States.

Common liability has been defined as the "amount representing the total damages caused by the negligence of all the defendants." *City of Tucson v. Superior Court*, 165 Ariz. 236, 798 P.2d 374, 379 (1990) (interpreting identical statute); *cf. Jones*, 804 F.2d at 1140, 1142 (under § 832 multiple tortfeasors must be liable for the same injury but need not be liable under the same theories of recovery). The focus of § 832.B is on the proportionate liability of the tortfeasor seeking contribution compared to the total liability of all tortfeasors. We believe that at a minimum the common liability in this situation should include the liability of all parties and nonparties whom the jury found to be

tortfeasors—Mid–States, A.A.R., Clark, and Cav–Air.[5] That common liability is the total amount of the settlements they made with the tort victims, which is $2,128,666.67.

■ To recover contribution from A.A.R., Mid–States must have paid more than its pro rata share of the common liability. The jury found Mid–States to be 30% liable; Mid–States' pro rata share of the common liability is therefore $638,600.00. However, Mid–States paid only $503,666.67 or 23.66% of the common liability. Thus, because Mid–States did not pay more than its pro rata share of the common liability, § 832.B allows it no right to contribution from A.A.R.

■ Mid–States contends that the district court judgment should be affirmed because in answering the special interrogatories, the jury specifically found that Mid–States paid more than its pro rata share. This finding appears to be inconsistent with the jury's finding that Mid–States was 30% liable, which in light of its payment of only 23.66% of the common liability, means that Mid–States did not pay more than its pro rata share. When faced with such seemingly inconsistent answers to special interrogatories, we have a duty to reconcile the answers if that is possible. *Harvey ex rel. Harvey v. General Motors Corp.*, 873 F.2d 1343, 1347 (10th Cir.1989); *Furr v. AT & T Technologies, Inc.*, 824 F.2d 1537, 1545 (10th Cir. 1987). In doing so, we examine the entire case and not just the inconsistent answers in isolation. *Harvey*, 873 F.2d at 1348.

■ Looking at the entire case, particularly as presented in Mid–States' brief, we have no difficulty reconciling the two answers. In explaining Mid–States' contentions to the jury, the district court stated that Mid–States claimed "that they paid beyond their pro rata share as between [Mid–States] and A.A.R." Appellee's Br. at 5–6. In addition, the court instructed the jury that to prevail, Mid–States had to prove "that it has paid more than its proportionate share of the common liability of Mid–States and A.A.R."

---

5. Common liability arguably could include the liability of all parties and nonparties in the case or all entities who contributed to the total settlement with the injured persons. We need not define this term precisely because we conclude that Mid–States is barred from recovery considering only the tortfeasors that the jury identified.

*Id.*, Ex. 3. Clearly, the focus of the case was on Mid–States' pro rata share of liability as compared to that of A.A.R. only and not to the common liability of all tortfeasors. A.A.R. had contributed nothing to the total settlement, but the jury found A.A.R. to be 60% negligent. Thus, considering the entire case, the jury's finding that Mid–States paid more than its pro rata share is not inconsistent with its finding that Mid–States was 30% negligent.

The judgment of the United States District Court for the Northern District of Oklahoma is REVERSED.